**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SISTERS OF MERCY HEALTH
SYSTEM, ST. LOUIS, INC.,

    Plaintiff-Appellee,

v.

G. PAUL KULA, M.D.,

    Defendant,

and

PATRICIA D. BACHHOFER,

    Defendant-Appellant.

No. 06-6167

(W.D. Oklahoma)

(D.C. No. 05-CV-115-F)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **GORSUCH**, Circuit Judges.

Defendant-appellant, Patricia Bachhofer, appeals from the district court's grant of declaratory judgment in favor of plaintiff-appellee, Sisters of Mercy Health System, St. Louis, Inc. ("SMHS"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Doctor G. Paul Kula was, at one time, a psychiatrist on the medical staff of Mercy Memorial Health Center ("Mercy Memorial") in Ardmore, Oklahoma; Bachhofer was his patient. Bachhofer sued Dr. Kula for common law negligence and intentional infliction of emotional distress, alleging he had engaged in an improper sexual relationship with her. Mercy Memorial participates in SMHS's Pooled Comprehensive Liability Program (the "Program"). Because Dr. Kula was an employee of Mercy Memorial a question arose as to whether SMHS had a duty to defend or indemnify Dr. Kula with regard to Bachhofer's suit. SMHS filed the instant action, naming both Dr. Kula and Bachhofer as defendants, seeking a declaration that under the Program it had no duty to defend or indemnify Dr. Kula in Bachhofer's underlying lawsuit.

In a lengthy and comprehensive order, the district court granted declaratory judgment to SMHS.[1] The district court began by quoting at length from the terms of the Program. The district court noted in particular that the coverage issues in this case were governed by Articles IV and VI of the Program, which limited coverage to "indemnitees" and defined an indemnitee as an employee "acting within the scope of his or her assigned duties." The district court then moved on

[1]Although the parties originally submitted the coverage matter to the district court on cross-motions for summary judgment, the parties eventually agreed to have the district court decide the matter pursuant to Federal Rule of Civil Procedure 52 (setting forth procedures for trial of a matter to the court without a jury). Nevertheless, in deciding the coverage issue, the district court relied exclusively on the materials submitted with the parties' summary judgment motions and on the transcript of the parties' oral arguments to the court.

to compare the allegations in Bachhofer's underlying suit against Dr. Kula with the duties set out in Dr. Kula's employment contract with Mercy Memorial. That examination led the district court to conclude that none of the actions Dr. Kula was alleged to have undertaken were within the scope of his assigned duties. Although recognizing that the Program provision "scope of assigned duties" was narrower than the common law *respondeat superior* concept of scope of employment, the district court noted that its disposition was nevertheless consistent with Oklahoma case law involving *respondeat superior* liability.

On appeal, Bachhofer raises eight separately numbered challenges to the district court's grant of declaratory judgment in favor of SMHS. Each of these eight challenges, however, relate to one single dispositive issue: does the Program impose upon SMHS a duty to defend and indemnify Dr. Kula against Bachhofer's claim she was damaged by Dr. Kula's negligent/intentional medical mistreatment? This court reviews *de novo* the district court's conclusion that SMHS had no such duty. *Naime v. Cytozyme Labs, Inc.*, 174 F.3d 1104, 1111 (10th Cir. 1999) (applying, in a similar procedural context, *de novo* review because appellant "did not dispute the existence of the evidence cited by the district court, but rather argue[d] the district court erred in concluding those documents evidence a binding contract" and thus the district court's conclusion "primarily involve[d] applications of legal principles to the facts"). Upon *de novo* review of the parties' briefs and submission, the district court's well-stated order, and the entire

record on appeal, we can discern no error in the district court's thoughtful resolution of this case. Because we have nothing to add to the district court's reasoning, this court **AFFIRMS** for substantially those reasons set out by the district court in its order dated April 13, 2006.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge